On petition for rehearing,
McFarland, J.,
delivered the opinion of the court:
After the opinion in this case was announced at last term, a rehearing was granted, and the cause has been again considered at the present term. .
The first question urged for a reversal is that the declaration is in common law form of trespass quare clausum fregit, and that as the proof clearly shows that the defendants entered the preanises under contract and license of the owner the action must fail.
This would have been fatal to the common law action before the adoption of our Code, but by the Code all distinctions between forms of action are abolished, and the plaintiff may file a declartion stating substantially the facts of his case, and if his proof corresponds substantially therewith it will be admissible, and a recovery may be had.
While the proof in this case does not sustain that part of the declaration which avers the defendant’s entry upon the premises off tire plaintiffs to have been with force and arms and unlawful, yet it does make a case for the wrongful removal of the plaintiff’s houses after a lawful entry. All the averments of the declaration were not proven, but the cases made by the declaration, and the proof were not *342 so materially variant as to authorize the rejection of the testimony. No recovery was had on the entry, but only for the wrongful removal of the houses. Upon this the cause was tried, and if there was in any view an error, it was not one affecting the merits.
Upon the question whether the houses removed were parts of the freehold, we adhere to the former opinion.
Judgment affirmed.